IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TAMARA BROWN,** **PLAINTIFF**

**V.** **NO. 3:19CV144-M-P**

**JOSEPH K. SHLEWEET, DDS, PLLC AND**
**MINA A. ZAKI, DDS,** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction. The Court, having reviewed the motion, the parties' submissions, the complaint, and applicable authority, is now prepared to rule.

### Factual and Procedural Background

Plaintiff Tamara Brown received dental care and treatment at The Smile Center of Southaven in Southaven, Mississippi between February 13, 2019 and April 18, 2019. On July 1, 2019, Plaintiff initiated an action in the Northern District of Mississippi against Defendants Mina A. Zaki, DDS (Zaki) and Joseph K. Shleweet, DDS, PLLC (Shleweet PLLC). Plaintiff alleges that Zaki's use of dental crown cement caused her to be sick and suffer great pain in the body and anguish of mind. Plaintiff alleges that her pain and medical expenses were directly and proximately caused by Defendants.

### Standard of Review

A Rule 12(b)(1) motion "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). If the court determines that it "lacks the statutory or constitutional power to adjudicate the case," then the court may properly dismiss the claim. *Home Builders Assn'n v. City of Madison, Miss.*, 143 F.3d

1

1006, 1010 (5th Cir. 1998). The court may base its consideration on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

In deciding a Rule 12(b)(1) motion, the first determination the court must make is whether the motion is a facial or a factual attack. A facial attack is one premised solely on the complaint and requires the court "merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A factual attack, on the other hand, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). No presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether it has jurisdiction to hear the case. *Montez*, 392 F.3d at 149.

## Discussion

Defendants argue that this Court should grant their motion to dismiss for lack of subject matter jurisdiction.

**A. Subject Matter Jurisdiction**

Plaintiff's complaint alleges subject matter jurisdiction based on diversity of citizenship. Defendants argue there is no diversity. Defendants support their argument by citing six documents that challenge diversity. First, Defendants indicate that the Plaintiff identified her home address as Desoto County, Mississippi on her civil cover sheet. (Doc. 1-5, 07/01/2019, Ex. A.) Second, in her complaint, Plaintiff states she lives in Desoto County, Tennessee, a

nonexistent county in Tennessee. (Complaint, Doc. 1, 07/01/2019, Ex. B.) Third, Plaintiff possesses a Mississippi driver's license. (Ex. C.) Fourth, in Defendant Zaki's affidavit, he states he is a resident of Tennessee. (Ex. D.) Fifth, Defendant Shleweet PLLC is a limited liability company organized under the laws of the State of Mississippi. (Ex. E.) Sixth, Joseph Shleweet's affidavit indicates that Joseph Shleweet is a resident of DeSoto County, Mississippi. (Ex. E.)

Federal district courts have original subject matter jurisdiction over all civil cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). Federal common law determines whether a party is a citizen of a state for purposes of diversity jurisdiction. 28 U.S.C.A. § 1332. The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

The district court has "wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 804, 817 (5th Cir. 2007) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). In making such an assessment, the court may look at any record evidence, receive affidavits and deposition testimony, and hear live testimony concerning the citizenship of parties. *Coury*, 85 F.3d at 249. Factors to consider include in what state the party exercises political rights, pays taxes, owns real and personal property, *has licenses*, maintains bank accounts, belongs to churches and organizations, has employment, and maintains a home. *Id*. at 251 (emphasis added). A party's statement of intent is relevant in determining domicile, but is given little weight if it conflicts with the objective facts. *Id*.

"When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). This

Court observes, however, that "failure to allege facts establishing jurisdiction need not prove fatal to a complaint." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. This statute "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.3d at 887. Nevertheless, where the record does not indicate that diversity in all probability exists, the Court may deny an opportunity to amend. *See McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

The Court finds that Defendants' motion is a factual attack because Defendants rely on matters outside the pleadings to support their Rule 12(b)(1) motion. Defendants rebut Plaintiff's claim that she is a resident of DeSoto County, Tennessee. Defendants assert that there is no known Desoto County, Tennessee and cite Plaintiff's identification of her home address as Desoto County, Mississippi on her civil cover sheet. Defendants claim that Plaintiff's driver's license, which lists her address in Southaven, Mississippi, reveals Plaintiff to be a resident citizen of DeSoto County, Mississippi. Defendants rely on both the affidavit of Defendant Zaki that he is a resident citizen of Tennessee and the affidavit of Joseph Shleweet that he is a resident citizen of Mississippi and is a member of Defendant Shleweet PLLC.

The record fails to indicate that the Court can exercise diversity jurisdiction over this case. DeSoto County, Tennessee does not exist, and the Plaintiff indicated that her home address is Desoto County, Mississippi on her civil cover sheet. Plaintiff's driver's license (a Mississippi license that lists a Southaven, Mississippi address) establishes in all probability that Plaintiff is a citizen of Mississippi for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

The affidavit of Joseph Shleweet establishes in all probability that Joseph Shleweet is a resident citizen of Mississippi and is a member of Defendant Shleweet PLLC. Thus, Defendant

4

Shleweet PLLC is a citizen of Mississippi for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). Because Plaintiff and Defendant are citizens of the same state, there is no diversity.

Moreover, the affidavit of Defendant Zaki establishes in all probability that Defendant Zaki is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). Even if Plaintiff was able to establish that she herself is a resident citizen of Tennessee, diversity would not exist because Defendant Zaki is a resident citizen of Tennessee.

Having reviewed the record and affidavits submitted by the Defendants, there is no indication that diversity in all probability exists. Accordingly, Plaintiff will not be allowed an opportunity to amend her complaint.

## Conclusion

Therefore, this Court **GRANTS** Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this, the 24th day of September 2019.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**